**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

LUISA MEDEIROS :
Plaintiff, :
v. :
MERCK & CO., INC., ALIAS and/or DOE CORPORATION, ALIAS and/or JOHN DOE and/or JANE DOE, ALIAS individually as agents of MERCK & CO., INC., and/or Doe Corporation, Alias :
Defendants. :

CA 07 188S

CASE NO.______________

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court, County of Providence, State of Rhode Island, to the United States District Court for the District of Rhode Island and respectfully states to this Court the following:

1. This case involves allegations relating to the prescription drug Vioxx®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL-1657 and transferring 148 Vioxx-related cases to the U.S. District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp.2d 1352, 1353-54 (J.P.M.L. 2005). Merck intends to seek inclusion of this case within the MDL-1657 proceedings and it will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. The plaintiff in this case, Luisa Medeiros ("Medeiros" or "plaintiff"), seeks damages for injuries allegedly resulting from her use of Vioxx. Plaintiff asserts claims of negligence and defective product against Merck and fictitious entities and/or individuals.

3. Plaintiffs served process on Merck on May 18, 2007, and the case is currently pending in the Superior Court, County of Providence, State of Rhode Island, as C.A. No. 07-2530.

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (i) Merck has satisfied the procedural requirements for removal, and (ii) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Merck was served with a copy of plaintiff's Complaint on May 18, 2007. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) (requiring filing of removal notice within 30 days of service of the complaint).

6. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 120 (defining judicial district of Rhode Island).

7. No previous application has been made for the relief requested herein.

8. No proceedings have been had in the state court action other than the filing of the Complaint and the Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on counsel for plaintiff, and a copy is being filed with the Clerk for the Superior Court, Providence County.

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Merck are attached hereto (attached as Exhibit A).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. There Is Complete Diversity Of Citizenship Between Plaintiff And The Only Non-Fictitious Defendant, Merck

12. There is complete diversity between plaintiff and Merck, the only non-fictitious named defendant in this action.

13. Plaintiff alleges in her Complaint that she is a resident of the City of East Providence, Providence County, Rhode Island. *See* Complaint, ¶ 1. Accordingly, on information and belief, plaintiff is domiciled in, and therefore a citizen of, Rhode Island. *See* 28 U.S.C. § 1332(a); *see also Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992) (stating that "[f]or purposes of diversity, a person is a citizen of the state in which he is domiciled").

14. Merck is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. Plaintiff has also named numerous fictitious defendants. However, the citizenship of fictitious defendants is disregarded under 28 U.S.C. 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

**B. The Amount In Controversy Requirement Is Satisfied**

16. Although the Complaint itself seeks an unspecified amount of damages, it is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. *See Evans v. Yum Brands, Inc.*, 326 F. Supp.2d 214, 220 (D.N.H. 2004) (removal is proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement" even if the complaint is silent on the amount of damages). The Complaint seeks damages for the injuries allegedly caused to plaintiff by his ingestion of Vioxx. These alleged damages include "personal injuries," "medical expenses and treatment," and "pain and suffering." Complaint, ¶ 5. Plaintiff also seeks to recover the "interest, costs, and all other relief" the Court deems proper. *See* Complaint, "WHEREFORE" Clauses.

17. Cases involving negligence and/or defective design of pharmaceutical products have frequently yielded damage awards much greater than the amount in controversy requirement. *See, e.g., Benedi v. McNeil P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995) ($8,775,000 damage award against pharmaceutical manufacturer for liver damage due to failure to warn and breach of implied warranty); *Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528 (6th Cir. 1993) ($4.5 million verdict in failure to warn/defective design against pharmaceutical manufacturer); *Richardson v. Richardson-Merrill, Inc.*, 857 F.2d 823 (D.C. Cir. 1988) ($1 million verdict in failure to warn case

against pharmaceutical manufacturer in non-death case); *Thomas v. Hoffman-LaRoche, Inc.*, 731 F. Supp. 224 (S.D. Miss. 1989) ($1 million verdict in failure to warn/products case against pharmaceutical manufacturer in non-death case); *McClain v. Metabolife Int'l, Inc.*, 259 F. Supp.2d 1225 (N.D. Ala. 2003) (punitive award of $1 million imposed for product liability violation reduced by court to $450,000).

18. Specifically in the case of Vioxx, federal courts confronted with similar complaints have found that they have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Morgan v. Merck & Co., Inc.,* No. 3:03cv435WS, Order at 2 (S.D. Miss. Mar. 26, 2004); *Benavidez v. Merck & Co., Inc.,* No. L-03-134, Order at 1 (S.D. Tex. Apr. 16, 2004); *Zellmer v. Merck & Co., Inc.,* Civ. Act. No. 1:03-CV-2530-RWS, Order (N.D. Ga., Nov. 17, 2003); *Porter v. Merck & Co., Inc.*, No. 4:03CV12LN, Memorandum Opinion and Order at 2 (S.D. Miss. June 17, 2003); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139, Order at 1 (S.D. Tex. Oct. 8, 2003); *Zeedyk v. Merck & Co., Inc.*, No. 02C4203, Order at 1 (N.D. Ill. Aug. 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196, Report and Recommendation at 2 n.3 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186, Findings and Recommendation at 2 (D. Haw. June 5, 2002). (Orders attached collectively as Exhibit B).

19. Therefore, based on the allegations of plaintiff's Complaint, the nature of the claims and damages sought, and the experience of similar cases, it is shown by a preponderance of the evidence that plaintiff's claim for damages exceeds $75,000. *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp.2d 62, 65 (D.R.I. 2002) (noting that "where the complaint does not contain a specific monetary amount, the defendant must

show by a preponderance of the evidence that the amount in controversy satisfies the minimum jurisdictional amount for diversity cases").

WHEREFORE, defendant Merck respectfully removes this action from the Superior Court, County of Providence, State of Rhode Island, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,
MERCK & CO., INC.
By its attorneys,

Christine K. Bush (#5587)
Byron L. McMasters (#7754)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

Dated: May 22, 2007

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid, on this 22nd day of May, 2007 to:

Christopher E. Fay, Esq.
Fay Law Associates, Inc.
917 Reservoir Avenue
Cranston, Rhode Island 02910
(401) 944-9600

Linda A. Spink

H:\Clients\Merck\Medeiros\Pleadings\Notice of Removal.DOC